UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRYAN TOH,<br>　　Plaintiff | :<br>:<br>: |
| v. | :    C.A. No.: |
| | : |
| STATE OF RHODE ISLAND,<br>DEPARTMENT OF HUMAN SERVICE,<br>RHODE ISLAND VETERAN'S HOME,<br>　　Defendant | :<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against Defendants seeking compensatory and punitive damages, as well as attorneys' fees, litigation expenses and other equitable relief to remedy the unlawful discrimination in employment the Plaintiff suffered in violation of 42 U.S.C. §1981 and the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1. The Plaintiff is a resident of the Town of Pawtucket, County of Providence, State of Rhode Island.

2. Defendant the State of Rhode Island, Department of Human Service, operates Rhode Island Veteran's Home ("State"), is a department created pursuant to R.I.G.L. §42-12.1-1, *et seq.*, within the executive department of the State of Rhode Island, which said State is a covering state of the United States.

### III. Jurisdiction

3. This Court has jurisdiction over Plaintiff's claims under 42 U.S.C. §1981 and supplemental jurisdiction over the Plaintiff's claims under the RICRA pursuant to 28 U.S.C. §1367.

## IV. Venue

4.      Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

5.      The Plaintiff is from Liberia, West Africa.

6.      The Plaintiff is a Licensed Practical Nurse ("LPN").

7.      The Plaintiff is employed by MAS Medical Staffing ("MAS").

8.      In 2014, MAS assigned the Plaintiff to Defendant State's Rhode Island Veteran's Home ("RIVH").

9.      During the Plaintiff's employment at Defendant State's RIVH, David Dawson ("Dawson"), a Supervising Nurse at Defendant State's RIVH, subjected the Plaintiff to discriminatory conduct on the basis of his race and/or national origin.

10.     During the Plaintiff's employment at Defendant State's RIVH, the Plaintiff's work performance was satisfactory and met Defendant State's legitimate expectations.

11.     Throughout the Plaintiff's employment, Mr. Dawson consistently removed the Plaintiff's client's medical records without his permission.

12.     In addition, Mr. Dawson consistently told Defendant State's RIVH's employees that he does not like "people of color."

13.     On several occasions, Mr. Dawson told Defendant State's RIVH employees that he does not like the "Black nurse" style of nursing.

14.     On one occasion, Mr. Dawson obtained the keys to the Plaintiff's medicine cart and removed all of the narcotics from the cart.

15. In response to Mr. Dawson removing all of the Plaintiff's narcotics, the Plaintiff threatened to call the Rhode Island State Police.

16. Shortly thereafter, Mr. Dawson returned the narcotics to the Plaintiff's cart.

17. Thereafter, the Plaintiff made a formal complaint to Bill Camara ("Camara"), Executive Nurse at Defendant State's RIVH, and Yugo[1], Nurse Supervisor at Defendant State's RIVH, regarding Mr. Dawson's aforementioned behavior with the Plaintiff's medicine cart.

18. Mr. Camara and Yugo failed and/or refused to discipline Mr. Dawson for same.

19. In 2017, Defendant State promoted Mr. Dawson to Supervisory Nurse.

20. On several occasions, Mr. Dawson told Defendant State's RIVH employees that it was okay for Black nurses to be called "N*ggers."

21. In March, 2018, Mr. Dawson fabricated a complaint against the Plaintiff in the hopes that he would be terminated from his employment at Defendant State.

22. Shortly thereafter, the Plaintiff was placed on the "Do Not Call List" for Defendant State's RIVH.

23. Upon information and belief, Mr. Dawson has also harassed other minority coworkers at Defendant State's RIVH.

24. The facts of this matter clearly establish that Defendant State discriminated against the Plaintiff on account of his race in violation of 42 U.S.C. §1981 and the RICRA.

25. Defendant State's unlawful discriminatory actions and/or omissions are in violation of 42 U.S.C. §1981 and the RICRA and were motivated by malice and ill will toward the Plaintiff and Defendant's actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

---

[1] At this time, the Plaintiff does not recall Yugo's last name.

26. As a proximate result of Defendant State's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, damage to her business and personal reputation, mental and physical anguish, pain and suffering, and otherwise injured and damnified.

## VI. Claims for Relief

27. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-26 above.

### Count One
### Violation of 42 U.S.C. §1981

28. Defendant State, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated Plaintiff's right to employment free from discrimination based on race and/or color, in violation of Plaintiff's rights secured under 42 U.S.C. §1981, causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief 42 U.S.C. §1988.

### Count Two
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

29. Defendant State, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his race and/or national origin insofar as said actions and/or omissions resulted in the loss of a promotion in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment declaring that the Defendants violated the 42 U.S.C. §1981 and the RICRA in the manner complained of herein;

2. an award of compensatory damages;

3. an award of punitive damages;

4. an award of interest, reasonable attorneys fees and costs of litigation;

5. an award of other appropriate equitable relief; and,

6. an award of such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: February 18, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge903@formisanoandcompany.com

## **CERTIFICATION**

I hereby certify that on the 18th day of February, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano